UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DELOVE R. BENNETT,

                            Plaintiff,

                                                              9:25-CV-0426
v.                                                               (GTS/MJK)

FREDERICK J. AKSHAR, et al.,

                            Defendants.
_____

APPEARANCES:

DELOVE R. BENNETT
Plaintiff, pro se
25-B-0628
Wyoming Correctional Facility
P.O. Box 501
Attica, NY 14011

GLENN T. SUDDABY
Senior United States District Judge

**DECISION and ORDER**

**I.     INTRODUCTION**

      Plaintiff DeLove R. Bennett commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), Title II of the Americans With Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, et seq. ("Rehabilitation Act"), together with an application to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 6 ("IFP Application"). Before the Court reviewed the complaint for sufficiency in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), plaintiff filed an amended complaint as of right. Dkt.

1

No. 5 ("Am. Compl.").  By Decision and Order entered on July 22, 2025, this Court granted plaintiff's IFP Application, and following review of the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), dismissed each of plaintiff's claims without prejudice and afforded him thirty days to file a second amended complaint.  Dkt. No. 9 ("July 2025 Order").

Presently before the Court is plaintiff's second amended complaint.  Dkt. No. 11 ("SAC").

## II.     SUFFICIENCY OF THE SECOND AMENDED COMPLAINT

### A.     The Amended Complaint and July 2025 Order

In the amended complaint, plaintiff, who is a bilateral quadriplegic, asserted claims based on alleged wrongdoing during his incarceration at Broome County Correctional Facility. *See* Am. Compl.  More specifically, plaintiff alleged that was "denied the use" of his prosthetic legs upon arriving at the facility and thereafter deprived of reasonable accommodations for using the shower and toilet.  Am. Compl. at 4-5.

The amended complaint named the following officials as defendants: (1) Broome County Sheriff Akshar; (2) Broome County Undersheriff Sammy; (3) Broome County Correctional Facility Major Charpinsky; and (4) Broome County Correctional Facility Captain Scott.  *See* Am. Compl. at 1-3.

The amended complaint was liberally construed to assert the following claims: (1) Eighth Amendment medical indifference claims; (2) Eighth Amendment conditions-of-confinement claims; and (3) ADA and Rehabilitation Act claims.  *See* July 2025 Order at 6.

Following review of the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), plaintiff's claims were dismissed without prejudice for failure to state a claim upon which relief may be granted. *Id*. at 14-15.

**B.    Review of the Second Amended Complaint**

Because plaintiff is proceeding in forma pauperis and is an inmate suing one or more government employees, his second amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). The legal standard governing the review of a pleading pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the July 2025 Order and it will not be restated in this Decision and Order. *See* July 2025 Order at 3-5.

The second amended complaint is materially similar to the amended complaint, with a few exceptions. First, the second amended complaint alleges that defendant Akshar denied plaintiff access to his prosthetics when he arrived at the facility based on the lack of an adequate "power source," and plaintiff "made complaints" about his confinement conditions, which the named defendants became "aware of[.]" *See* SAC at 2-4. Plaintiff also alleges that the four named defendants were each responsible for his confinement conditions based on their respective roles within the facility. *Id*. at 2-11. Second, plaintiff clarifies that he was housed in a "wheelchair cell" equipped with "handicap accessible bars[,]" but includes new allegations related to movement and showering complications. *Id*. at 4-5. The following facts are set forth as alleged in the second amended complaint.

On January 16, 2025, plaintiff arrived at Broome County Correctional Facility. SAC at 3-4. Upon arriving at the facility, defendant Akshar denied plaintiff "access [to his knee] prosthetics" based on the absence of "a power source." *Id*. at 2, 4.

3

Plaintiff was given a "wheelchair cell" to accommodate his disability. SAC at 2-3. However, within the first week of being housed in this cell, "it was discovered the medical shower chair didn't operate properly" because the wheels were "unbalanced" and the seat was "untransferable in [plaintiff's] condition." *Id*. at 3. Plaintiff was also unable to obtain "adequate assistance" with showering due to the size of the area. *Id*. Plaintiff "feared he was going to fall over at any given moment." *Id*.

At some point, plaintiff asked "an officer named Brad in the medical unit" about "switching chairs" due to his safety concerns and was told by this official and "another officer from G-Dorm named Ray" that they would "look into it," but no further action was taken to "resolve the issue." SAC at 3. Plaintiff also "made verbal complaints to administrative staff[,]" identified as defendants Sheriff Akshar, Major Charpinsky, Captain Nayes, and Undersheriff Davis, "regarding the conditions of [his] wheelchair cell[,]" which remained unchanged. *Id*. at 1-2, 4-5. Plaintiff's complaints "were answered by regular officers and not . . . the defendants[,] who were in-fact aware of the complaints." *Id*. at 2. The response plaintiff received was that "all of the wheelchair cells are satisfactory and in compliance with ADA standards [and] therefore no action to correct is needed." *Id*.

According to plaintiff, defendants Akshar, Charpinsky, Nayes, and Davis were the officials who could have addressed and remedied his confinement conditions. SAC at 4, 6, 8, 10.

The Court liberally construes the allegations in the second amended complaint to assert the following claims against the named defendants in their individual capacity: (1) Eighth Amendment medical indifference claims; (2) Eighth Amendment conditions-of-confinement claims; and (3) ADA and Rehabilitation Act claims.

Plaintiff seeks money damages. SAC at 12. For a more complete statement of plaintiff's claims, reference is made to the second amended complaint.

### C. Analysis

Plaintiff brings this action pursuant to Section 1983, which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 6:95-CV-0272 (TJM/RWS), 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights." (citation omitted)). "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted).

#### 1. Eighth Amendment Claims

The legal standard governing Eighth Amendment medical indifference and conditions-of-confinement claims was discussed at length in the July 2025 Order and will not be restated herein. *See* July 2025 Order at 7-8. The Court will add only that several courts have held that the deprivation of prosthetic devices and/or accommodations necessitated by the lack of access to such devices may lead to severe harm for purposes of the objective element of an Eighth Amendment claim. *See, e.g., Newman v. Alabama*, 503 F.2d 1320, 1331 (5th Cir. 1974) (failure to provide eyeglasses and prosthetic devices, inter alia, can constitute deliberate indifference: "Since equally severe harm can be occasioned by the unavailability of eyeglasses and the use of anachronistic and precarious medical techniques and equipment,

we should not be any less prone to disparage these deficiencies."), *cert. denied*, 421 U.S. 948 (1975); *LaFaut v. Smith*, 834 F.2d 389 (4th Cir. 1987) (failure to provide proper toilet facility and physical therapy to paraplegic inmate showed deliberate indifference to serious medical needs); *Gilmore v. Hodges*, 738 F.3d 266, 274-75 (11th Cir. 2013) ("We have . . . long held that deprivation of needed eyeglasses or prosthetic devices stated an Eighth Amendment violation because the unavailability of eyeglasses or prostheses may lead to 'severe harm.'"); *Wixson v. Moore*, No. 23-CV-1129, 2023 WL 7417401, at *2 (E.D. Wis. Nov. 9, 2023) ("Plaintiff alleges that he has a prosthetic leg that medically requires daily showers and that these defendants denied him this needed treatment. As such, Plaintiff may proceed against Moore, Miller, Kroll, Starks, Rymarkiewicz, and Demmers on an Eighth Amendment deliberate indifference claim for their indifference to Plaintiff's serious medical need."); *Gray v. S. Health Providers*, No. 22-CV-0218, 2023 WL 2521885, at *4 (N.D. Ala. Feb. 16, 2023) ("Gray's allegations that his prosthesis was confiscated without justification satisfy the objective component of his deliberate indifference claim. Similarly, Gray's complaint that he was denied his prescribed range of motion brace meets the objective component at this stage of the proceedings."), *report and recommendation adopted by* 2023 WL 2520725 (N.D. Ala. Mar. 14, 2023); *Palmer v. Watterson*, No. 20-CV-0010, 2023 WL 5416559, at *8 (W.D. Pa. Feb. 14, 2023) ("Kennedy and Ferringer denied Palmer's request despite admitting that they were each aware that Palmer was handicapped and that 'somebody who has a handicapped foot is at risk of falling when showering when they don't have the benefit of their prosthetic device.' . . . This evidence is more than sufficient to preclude summary judgment in favor of Defendants."); *Green v. Maldonodo*, No. 17-CV-0957, 2017 WL 3568662, at *4 (D. Conn. Aug. 17, 2017) (forcing inmate with surgically repaired and arthritic leg to use a shower with a

slippery floor, no rail support, and a three-foot entry step created objective risk of serious harm); *Allen v. Morris*, No. 93-CV-0398, 2010 WL 1382112, at *5 (E.D. Ark. Jan. 6, 2010) (denying defendants' summary judgment motion where the inmate-plaintiff, an amputee, "immediately requested accommodations in order to shower safely, all accommodations were denied, and he fell in the shower just a few days later, suffering injuries"); *Muhammad v. Dept. of Corr.*, 645 F. Supp. 2d 299, 315-17 (D. N.J. 2008) (denying summary judgment where defendants' failure to accommodate amputee's disability "forc[ed] him to make the choice between encountering risk of further injury and taking no shower at all."); *cf. Wheeler v. Butler*, 209 Fed. App'x. 14, 15 (2d Cir. 2006) (unpublished) (vacating district court's grant of summary judgment and remanding for further proceedings because "the District Court erred in failing to consider whether the deprivation of Wheeler's hearing aids could, in and of itself, amount to cruel and unusual punishment"); *James v. Gage*, No. 15-CV-106, 2019 WL 1429520, at *10 (S.D.N.Y. Mar. 29, 2019) ("Plaintiff also argues that Defendants were deliberately indifferent to his medical needs because they repeatedly 'refused [him his] medication by sending him back to his cell, stating that nothing was wrong with him.' . . . At the outset, the Court finds . . . that Plaintiff has plausibly alleged an objectively serious medical condition—namely, the 'loosening of the prosthetic in his left hip' which caused 'extreme pain,' (SAC ¶ 16),—and thereby sufficiently meets the first prong of the Eighth Amendment analysis with respect to his allegations of denial of treatment.").

At this stage of the proceeding, and mindful of the Second Circuit's directive that a pro se plaintiff's pleadings must be liberally construed, *see Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that plaintiff's Eighth Amendment claims

survive sua sponte review and require a response. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

### 2. ADA and Rehabilitation Act Claims

The legal standard governing ADA and Rehabilitation Act claims was discussed at length in the July 2025 Order and will not be restated herein. *See* July 2025 Order at 11-13. Although plaintiff was expressly advised in the July 2025 Order that "[i]ndividuals in their personal capacities are not proper defendants on claims brought under the ADA or the Rehabilitation Act[,]" *id*. at 12 (citation omitted), the second amended complaint once again fails to assert official capacity claims against the defendants or name Broome County as a defendant.

Accordingly, plaintiff's ADA and Rehabilitation Act claims are once again dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. In the event plaintiff wishes to proceed with ADA and Rehabilitation Act claims, he must file an amended complaint that either (1) includes official capacity claims against the named defendants, or (2) names Broome County as a defendant. The Clerk is directed to provide plaintiff with a copy of his second amended complaint to assist him in this regard.

## III.  CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the second amended complaint (Dkt. No. 11) is accepted for filing and will supersede and replace the amended complaint as the operative pleading; and it is further

**ORDERED** that plaintiff's Eighth Amendment claims against defendants Akshar, Charpinsky, Nayes, and Davis **SURVIVE sua sponte review** and require a response; and it is further

**ORDERED** that plaintiff's remaining claims are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that the Clerk shall issue summonses and forward them, along with four copies of the second amended complaint, to the United States Marshal for service upon defendants Akshar, Charpinsky, Nayes, and Davis. The Clerk shall forward a copy of the summons and second amended complaint by mail to the Broome County Attorney's Office, together with a copy of this Decision and Order; and it is further

**ORDERED** that upon the completion of service, a response to plaintiff's second amended complaint be filed by defendants Akshar, Charpinsky, Nayes, and Davis, or their counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions; motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court. Plaintiff is also required to promptly notify the Clerk's Office and all parties or their

counsel, in writing, of any change in his address; his failure to do so will result in the dismissal of this action; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

Dated:  September 19, 2025
        Syracuse, NY

_____
Glenn T. Suddaby
U.S. District Judge