UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

DeLOVE R. BENNETT,

                            Plaintiff,

                                                    9:25-CV-0426
v.                                                   (GTS/MJK)

FREDERICK J. AKSHAR, II, Sheriff;
ROBERT CHARPINSKY, Major;
CAPTAIN SCOTT NAYES; and
SAMMY H. DAVIS, Undersheriff;

                            Defendants.

_____

APPEARANCES:                                         OF COUNSEL:

DeLOVE R. BENNETT, No. 25-B-0628
   Plaintiff, *Pro Se*
Wyoming Correctional Facility
P.O. Box 501
Attica, New York 14011

HON. CHERYL D. SULLIVAN                              JOSHUA T. TERRELL, ESQ.
Broome County Attorney                               Assistant County Attorney
   Counsel for Defendants
Broome County Office Building
60 Hawley Street
P.O. Box 1766
Binghamton, New York 13902-1766

GLENN T. SUDDABY, United States District Judge

**<u>DECISION and ORDER</u>**

Currently before the Court, in this *pro se* prisoner civil rights action filed by DeLove R.

Bennett ("Plaintiff") against Frederick J. Akshar, II, Robert Charpinsky, Captain Scott Nayes,

and Sammy H. Davis ("Defendants"), is United States Magistrate Judge Mitchell J. Katz's

1

Report-Recommendation recommending that Defendants' motion to dismiss (Dkt. No. 14) be granted, and that Plaintiff's cross-motion to amend (Dkt. No. 25) be denied. (Dkt. No. 29.) Plaintiff has not filed an Objection to the Report-Recommendation, and the time in which to do so has expired. (*See generally* Docket Sheet.)

After carefully reviewing the relevant papers herein, including Magistrate Judge Katz's thorough Report-Recommendation, the Court can find no clear error in the Report-Recommendation:[1] Magistrate Judge Katz employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. (Dkt. No. 29.) To those reasons, the Court adds only two brief points.

First, although the Report-Recommendation does not expressly address Plaintiff's related claim of inadequate conditions of confinement under the Eighth Amendment, the Court finds that it implicitly did so. This is because the pleading defect identified with regard to Plaintiff's claim of deliberate indifference to his serious medical needs under the Eighth Amendment (i.e., the lack of factual allegations plausibly suggesting the subjective element of that claim) clearly also plagues his claim of inadequate conditions of confinement under the Eighth Amendment. (*See, e.g.,* Dkt. No. 29, at 12 ("Here, Bennett's Second Amended Complaint is devoid of

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at \*1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

any actions or omissions any Defendant took or failed to take.")  The Court finds that Plaintiff received adequate notice of that fact (through pages 7 through 9 of the Court's Decision and Order of July 22, 2025, which recited the elements of Plaintiff's Eighth Amendment claims), yet he failed to object to that finding in the Report-Recommendation.  (*See generally* Docket Sheet.)

Second, rather than reserve judgment with regard to Defendants' challenge to Plaintiff's purported *Monell* claim, or even to deny that portion of their motion without prejudice, the Court sees no need to issue any ruling at all with regard to that purported claim.  This is because the Court finds that, even when it is construed with the utmost of special leniency, Plaintiff's Second Amended Complaint asserts no such claim.  (*See generally* Dkt. No. 11 [Plf.'s Second Am. Compl., asserting no facts plausibly suggesting such a claim]; Dkt. No. 12 [Decision and Order of Sept. 19, 2025, liberally construing no such claim].)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Katz's Report-Recommendation (Dkt. No. 29) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 14) is **GRANTED**, and Plaintiff's Second Amended Complaint (Dkt. No. 11, asserting claims of deliberate indifference to his serious medical needs and inadequate conditions of confinement under the Eighth Amendment) is **DISMISSED** for failure to state a claim; and it is further

**ORDERED** that Plaintiff's cross-motion to amend his Second Amended Complaint (Dkt. No. 25) is **DENIED**; and it is further

**ORDERED** that the Clerk of Court shall issue a Judgment for Defendants and close this action.

3

The Court certifies that an appeal from this Decision and Order would not be taken in good faith.

Dated:  April 23, 2026
        Syracuse, New York

_____
HON. GLENN T. SUDDABY
United States District Judge

4